UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **CLAUDELL CONWAY, SR.** | **CIVIL ACTION:  18:0033** |
| **VERSUS** | **JUDGE: JWD** |
| **STATE OF LOUISIANA THROUGH DPS&C<br>WARDEN DARRELL VANNOY<br>UNKNOWN PRISON GUARDS<br>SECRETARY JAMES LEBLANC<br>ABC LIABILITY INSURER** | **MAGISTRATE: EWD** |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

**AMENDED PETITION FOR WRONGFUL DEATH AND SUVIVOR CLAIM**

NOW INTO COURT, through undersigned counsel, comes Plaintiff, **CLAUDELL CONWAY, SR. aka CLYDELL CONWAY, SR, INDIVIDUALLY AND ON BEHALF OF HIS DECEASED SON CLYDELL CONWAY, JR.**, with respect represents that this Honorable Court granted leave to amend his Complaint and the following is respectfully offered:

1.

The plaintiff **CLAUDELL CONWAY, SR. A.K.A. CLYDELL CONWAY, SR** is the surviving BIOLOGICAL FATHER of the Decedent, **CLYDELL CONWAY, JR.** (hereinafter referred to as Decedent or CLYDELL, JR).  **CLYDELL CONWAY, SR.** (Hereinafter referred to as CLYDELL, SR., FATHER OR PLAINTIFF) acknowledges

a. that he is the biological father of Clydell, Jr. and the natural tutor of the decedent and his closest living relative.

  b.  The decedent had no known biological children of his own and

  c.  was raised most of his life by Clydell Conway, Sr.

  d.  **CLYDELL, SR** has at all times pertinent herein held himself out as Clydell, Jr.'s closest relative and maintained an active presence and provided financial, emotional, moral and fatherly support to him.

  e.  Clydell, Jr. was born on December 28, 1984.

  f.  At the age of age of thirty two (32), Clydell, Jr. died on January 20, 2017.

2.

Pursuant to Louisiana Wrongful Death Statute, the survivor of **CLYDELL CONWAY, SR.** and the relationship to the Decedent is as follows:

 **A. CLAUDELL CONWAY, SR**, biological father.

3.

Made Defendants in this matter are:

 **A. STATE OF LOUISIANA,** a political body authorized to sue and be sued; through:

 **B. DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS LOUISIANA STATE PENITENTIARY,** on information and belief a division of the State of Louisiana,

 **C. SECRETARY JAMES LEBLANC,** DPS&C for State of Louisiana,

 **D. DARRELL VANNOY, WARDEN OF LOUISIANA STATE**

      **PENITENTIARY** at times pertinent hereto, and

E. **DR. (FNU) HELMS Treating physician of decedent.**

F. **UNKNOWN SECURITY STAFF EMPLOYEES LOUISIANA STATE PENITENTIARY, at times pertinent hereto, and**

G. **OFFICE OF RISK MANAGEMENT**, believed to be the Insurance Company for **ALL NAMED DEFENDANTS .**

4.

At all times material, the Decedent was a resident (incarcerated) at LOUISIANA STATE PENITENTIARY, State of Louisiana.

5.

At all times material hereto the **LOUISIANA STATE PENITENTIARY** was owned and operated by the **STATE OF LOUISIANA** and within **THE PARISH OF WEST FELICIANA**, also named defendants.

6.

The aforementioned defendants are justly and truly indebted unto your plaintiff for such damages as are reasonable in the premises together with legal interest thereon from date of judicial demand until paid, for all costs of this proceeding, and for all general and equitable relief, for the following, to wit:

7.

Defendant James LeBlanc is the Secretary of the Louisiana Department of Public Safety and Corrections (DPS&C). He is ultimately responsible for the control, oversight, and functioning of all programs facilities within the DPS&C, including Louisiana State

Penitentiary. He formulates, directs, and maintains all regulations of the DPS&C, and determines the policies regarding management, personnel, and total operations. This includes ultimate determination of facilities and conditions in which the DPS&C houses people with mental illness. Defendant LeBlanc directs the DPS&C's central office and field staff, which are charged with carrying out the work of the agency. He is responsible for protecting the constitutional and statutory rights of all persons held by the DPS&C, which includes Louisiana State Penitentiary. LeBlanc is the final policymaker with regard to the conditions at the prison. He has implemented or supported the implementation of the policies that cause harm to this Plaintiff, and has failed to implement additional policies that would prevent harm to the Plaintiff. He has the oversight authority over Louisiana State Penitentiary which he has failed to exercise to prevent harm to this Plaintiff. At all times relevant to this complaint he was acting under color of law and in his official capacity.

8.

Defendant Warden Darrell Vannoy is the Warden over Louisiana State Penitentiary. He is responsible for control over LSP AND makes final staffing, budget, and administrative decisions that are not otherwise made by Defendant LeBlanc. He is responsible for the safety and care of all persons held at LSP and is responsible for protecting and implementing prisoners' statutory and constitutional rights. He oversees disciplinary actions and decisions, housing decisions, and the supervision of and care for people with serious mental illness. He personally sets and implements policies that cause the onset of mental illness, mental decompensation, and harm to this Plaintiff. He is sued in his official capacity.

9.

Defendant Doctor (FNU) Helms, M.D. is a contract physician at Louisiana State Penitentiary and/or the treating physician(s) assigned to treat Mr. Conway. Defendant failed to adequately treat and care for Plaintiff. He implements treatment and non-treatment decisions that cause mental deterioration and harm to Plaintiff. He is sued in his official capacity.

10.

The Department of Public Safety and Corrections (DPS&C) is the administrative arm of the State of Louisiana responsible for administering the State's correctional facilities including LSP where Plaintiff was incarcerated. The DPS&C is an instrumentality of the State of Louisiana. The DPS&C is responsible for each of the actions and inactions complained of herein. The DPS&C is a recipient of federal funding. The DPS&C as an entity is sued pursuant to ADA and Section 504 of the Rehabilitation Act only.

11.

At all times relevant to the allegations contained herein, and more particularly on or about January 20, 2017, the Defendant **STATE OF LOUISIANA through DPS&C, WARDEN , UNKNOWN STAFF (Defendants)** governed, operated, controlled, and/or managed **LOUISIANA STATE PENITENTIARY**. As part of those operations, **defendants** provided security, managed staff, and organized a place where opportunities

to be harmed are limited. Decedent, **CLYDELL CONWAY, JR.** was a resident at all times relevant to the allegations of this Petition.

12.

**The State of Louisiana, DPS&C, SECRETARY LeBLANC AND WARDEN VANNOY,** undertook the duty to, among other things:

   A. Employ guards/officers and mental health professionals who would oversee the inmates and facility;

   B. Provide security and protection to all inmates; and

   C. Assist and monitor inmates with constructive activities geared to helping their physical, mental, and spiritual needs.

13.

On January 20, 2017, the Plaintiff's son, **CLYDELL CONWAY, JR.** a person with a disability as defined in 42U.S.C. Section 12102 and 29 U.S.C. Section 705(9), was a resident at LOUISIANA STATE PENITENTIARY. He died while being a resident in the custody and control of LOUISIANA STATE PENITENTIARY. Decedent's family was completely in the dark about the circumstances of his son's death.

14.

At all times relevant, as a resident of LOUISIANA STATE PENITENTIARY, the Decedent was under the care, custody, direction and supervision of the Defendants, their agents, employees, and officers known and unknown.

15.

**WARDEN DARRELL VANNOY** was the WARDEN in charge of LOUISIANA STATE PENITENTIARY at the time of Decedent's death.

16.

Based on information and belief, Clydell, Jr. had been incarcerated at the LOUISIANA STATE PENITENTIARY since on or about periods which include the year 2016 and through January 20, 2017, and his incarceration, medical and mental health history were well known to those employed at LOUISIANA STATE PENITENTIARY.

17.

Clydell, Jr. was well known to the staff at LOUISIANA STATE PENITENTIARY and the defendants named herein, and mental health records were maintained on Clydell, Jr on his arrival and stay at LOUISIANA STATE PENITENTIARY. **The treating defendant physician Helms who was hired and contracted by the State of Louisiana, Secretary LeBlanc and Warden Vannoy, deliberately prescribed a medication <u>WELLBUTRIN</u> to the Plaintiff who had evidenced suicidal actions. The medication prescribed has a known side effect to heighten the risk of suicide in the patients who have expressed suicidal actions. As will be shown the defendants knew of the prior suicidal actions of the Plaintiff. Knowing this plaintiff's past suicidal actions the defendants State, DPS&C, Secretary LeBlanc, Warden Vannoy, hired, authorized and utilized a treating physicians with want of skills who prescribed a medication to a known suicidal**

**patient, when said prescribed medication is known to increase the risk of suicide in a patient who has previously expressed suicidal actions.**

18.

Based on information contained in the medical records, it was well known to those at LOUISIANA STATE PENITENTIARY whether CLYDELL, JR. had attempted and/or threatened to commit suicide on MORE THAN ONE prior occasions including several dates which conclude with his death by suicide on January 20, 2017 and was a known suicide risk. The none exclusive listings in decedent's medical records show the following treatment:

A. Self inflicted wounds on July 20, 2016.

B. Assessment for need for four point restraints August 12, 2016.

C. Decedent on EXTREME WATCH for self inflicted wounds September 16, 17, 2016.

D. Self harm risk noted in records on September 18, 2016.

E. Suture surgery needed for self mutilation on October 16, 2016.

F. Four point EXTREME WATCH noted on October 17, 2016.

G. Self mutilation noted December 7, 2016.

H. Self inflicted cuts noted December 9, 2016.

I. Medical notes discuss plaintiff's anxiety December 28, 2016.

J. Decedent found on the floor of cell having fallen asleep praying. December 30, 2016.

K. Decedent admits to cutting himself on January 6, 2017.

L. Multiple lacerations noted January 7, 2017.

M. Self inflicted cuts noted on January 11, 2017 and January 12, 2017.

N. Decedent has a hand injury from punching a wall on January 17, 2017.

The medical record documentation of other self inflicted injuries by this decedent upon himself goes back to earlier dates than are listed in this paragraph.

19.

On or about January 20, 2017, employees at LOUISIANA STATE PENITENTIARY went to Clydell Jr's cell to find that he had hanged himself.

20.

He was taken down from the hanging and was pronounced dead on or about January 20, 2017 no specific time of death is noted.

21.

All named defendants are liable for breach of the suicide prevention policy, failing to follow the appropriate standard of professional care in dealing with Clydell, Jr who

    a.    had mental health issues which required the prescription of medication to treat his mental health issues and

    b.    previously documented suicidal actions,

    c.    by placing him or allowing him to be placed in an area where suicide hazards exist or suicide could be accomplished,

    d.    not considering his known propensity towards attempted suicide.

    e.    More particularly Secretary LeBlanc and Warden Vannoy failed to have in place and properly implement a valid suicide prevention policy, which would prevent and protect this Plaintiff from the injuries that lead to his death.

f.  They had sufficient knowledge of the Suicide Risk of this plaintiff and that the plaintiff was being treated for a serious medical condition and

g.  failed to instruct subordinate employees to take the proper steps to protect this suicidal inmate.

22.

In particular, all Secretary LeBlanc, Warden Vannoy and Dr. Helms **Angola, DPS&C and defendant** staff personnel were acutely aware of the suicide risk of this plaintiff and knew of the danger of placing a person such as Clydell, Jr. into a cell with hanging hazards and knowing this suicide risk, mental health issues and potential for suicidal actions they ignored all the documented evidence of his potential for suicide placed him into the cell with the hanging hazards and failed to monitor this Plaintiff sufficiently which led to his death by hanging.

23.

Based on information and the known actions of this decedent at this time, the employees at **Angola, Warden Vannoy, Secretary James LeBlanc, Dr. Helms and the prison guards on the tier who were responsible for placing plaintiff in the cell and monitoring his actions** were, by acts and/or failures to act, DELIBERATELY INDIFFERENT to a known suicide risk of this plaintiff/decedent and were the cause in fact of this death.

24.

The death and injuries suffered were a result of the deliberate indifference of the named defendants, State of Louisiana, Secretary LeBlanc, Warden Vannoy, Dr. Helms **,**

**the unknown guards** individually and the State of Louisiana through its subordinate employees, including but not limited to its Warden Vannoy, Dr. Helms and the Medical treatment staff, security guards, in the following non-exclusive particulars:

>  a) Secretary LeBlanc, Warden Vannoy failing to properly monitor and secure the facility from suicide hazards and failing to implement a valid suicide prevention policy;
> 
> b) Warden Vannoy failing to properly monitor and manage the residents and prison officers as related to mental health issues and known suicide risks;
> 
> c) failing to maintain a safe area for all residents;
> 
> d) failing to provide proper supervision;
> 
> e) Warden Vannoy and Secretary LeBlanc failing to train staff;
> 
> f) Warden Vannoy and Prison guards failing to keep an adequate watch on this known suicidal inmate;
> 
> g) Warden Vannoy and prison guards failing to address known suicide hazards;
> 
> h) Warden Vannoy and prison guards allowing Clydell, Jr. to retain such items that could be used for purposes of suicide;
> 
> i) Warden Vannoy prison guards and Dr. Helms failing to take suicide hazards and suicide risks of Clydell, Jr. seriously;
> 
> j) Warden Vannoy and Dr. Helms failing to provide adequate care for Clydell, Jr. including but not limited to prescribing medications that would make a suicidal patient more motivated to commit suicide based upon said prescribed medication;
> 
> k) Warden Vannoy and prison guards failing to properly supervise Clydell, Jr.;
> 
> l) Secretary LeBlanc and Warden Vannoy failing to properly train employees/staff to recognize suicide behavior;
> 
> m) Secretary LeBlanc and Warden Vannoy failing to hire qualified medical personnel who could recognize and treat mental health patients and prevent suicides in mentally challenged inmates with known past suicidal actions;
> 
> n) Secretary LeBlanc and Warden Vannoy failing to properly train employees/staff to prevent suicide;
> 
> o) Secretary LeBlanc and Warden Vannoy failing to have in place appropriate guidelines and procedures for suicide prevention; and
> 
> p) other acts of deliberate indifference and/or fault to be shown through discovery and at trial.

25.

In addition to the fault or acts of deliberate indifference above described, it is contrary to current accepted professional thinking to place a person prone to suicide such as Clydell, Jr. alone in a cell, particularly when suicide hazards and suicide achieving methods as in this case were present. It is far better and more accepted to place a person such as Clydell, Jr. in an open setting where others are around to assist in preventing suicides such as the one that occurred in this case. Further:

    A.    Acting individually and together under color of law defendants acted to violate Clydell, Jr.'s rights to due process and equal protection of the laws as protected by the Fifth and Fourteenth Amendments of the United States Constitution and 42 USC Section 1983. They did so by establishing and maintaining a system that they knew would result in a lack of appropriate supervision effectively denying protection to inmates such as Clydell, Jr. at risk of harming himself. Plaintiff was specifically and individually harmed by this system because it resulted in the death of his son, which could have been prevented with appropriate patient and inmate monitoring and supervision.

    B.    At all pertinent times, the defendants named in this Complaint, individually and collectively, substantially departed from accepted professional judgment, practice and standards, thereby violating Clydell, Jr.'s constitutional and civil rights as an involuntary committee in the care of the defendants by establishing the above described system.

C.  The defendants Warden Vannoy in this Complaint, in their individual capacity, failed to supervise their subordinates to ensure that these subordinates did not ignore patients' acts of suicidal intent and need for regular supervision, including the need for placement in appropriately designed cells without tie off points and with potential ligature materials and the need for regular patient/inmate supervision to prevent suicide, all of which created conditions that led to Clydell, Jr.'s death.

D.  At all pertinent times herein, the defendants Secretary LeBlanc, Warden Vannoy, Dr. Helms and the prison guards named in this Complaint were aware of the need to supervise their subordinates in order to ensure that they did not violate suicidal patients or inmates rights, ignored that need and acted unreasonably, thereby substantially departing from professional judgment and both violated the plaintiff's rights and caused his death.

E.  The above named defendants Warden Vannoy, Dr. Helms and subordinate prison guards, acting individually and together, and under color of law, engaged in a course of conduct and conspired to engage in a course of conduct that acted to deprive Clydell, Jr. of his constitutional rights and did deprive him of said rights, specifically, the right to reasonable and adequate protection from harm, the right to be free from cruel and unusual punishment, and the right to due process and equal protection of the laws as protected by the Fifth and

        Fourteenth Amendments and Article IV(Privileges and Immunities Clause) of the United States Constitution and 42 USC Section 1983.

F.    At all times pertinent herein, these defendants Warden Vannoy, Dr. Helms and subordinate prison guards, acting individually and collectively, acted unreasonably, recklessly, maliciously, and substantially departed from standards of professional judgment so as to disregard the constitutional and civil rights and serious risk of harm from suicide to Clydell, Jr. Furthermore, these defendants, individually and collectively, had the duty and ability to intervene to prevent the violations of the rights of Clydell, Jr., as described herein, but failed to do so.

26.

**CLAUDELL CONWAY, SR.** is the biological father and surviving HEIR of decedent Clydell, Jr. and is thus a proper person to bring a suit for damages. He sues individually on his own behalf for the death of his son and to recover survival damages for the pain and suffering incurred by Clydell, Jr. prior to his death.

27.

In addition to the survival damages alleged above, **CLYDELL, SR.** seeks recovery for loss of love and affection and all other general damages that may be reasonable under Louisiana law.

28.

As a result of the negligence of Defendants, Plaintiff has suffered the wrongful and unnecessary death of his 32 thirty-two year old son. Alternatively, the deliberate indifference to a known suicide risk caused him to suffer a loss of chance of survival for his son.

29.

As a direct result of the negligence of **THE STATE OF LOUISIANA THROUGH DPS&C, WARDEN VANNOY AND ANGOLA STAFF, DR. HELMS** as alleged herein, which resulted in the death of **CLYDELL CONWAY, JR.**, Decedent's FATHER, **CLYDELL, SR.**, does currently, has, in the past, and will, in the future, suffer loss of love, affection, companionship, services, support, medical expenses, and funeral expenses.

30.

At all times pertinent hereto, **OFFICE OF RISK MANAGEMENT** was the liability insurer of **STATE OF LOUISIANA, DEPARTMENT OF CORRECTIONS, WARDEN DARRELL VANNOY, LOUISIANA STATE PENITENTIARY, DPS&C, DR. HELMS**, and as such, is liable to the plaintiff for damages complained of herein.

31.

Plaintiff re-alleges all facts herein above and asserts a claim for recovery under 42 U.S.C. Section 1983.

32.

At all times pertinent hereto, all individuals were operating under color of State law and were deliberately indifferent to the constitutional rights of the decedent to be free of suicide hazards.

33.

Further, the municipal defendants DPS&C AND THE STATE OF LOUISIANA were deliberately indifferent to the needs of decedent in that they failed to train staff or provide adequate staffing when it was known that suicides were threatened/attempted, failed to correct known suicide hazards and to use standard precautions such as observation or cameras or other preventive measures.

34.

Plaintiff is entitled to recover all reasonable damages under 42 U.S.C. Section 1983 as well as reasonable attorney fees under 42 U.S.C. 1988.

**WHEREFORE**, **PLAINTIFF CLYDELL CONWAY, SR.** prays that after due proceedings are had, there be a judgment in her favor, and against the defendants, **STATE OF LOUISIANA through DPS&C, WARDEN DARRELL VANNOY, DR. HELMS medical treating physician, UNKNOWN STAFF (Defendants),** and **ABC INSURANCE COMPANY** for all such damages as are reasonable in the premises, granting Plaintiff legal interest on all sums awarded from date of judicial demand until paid, and casting defendants, *in solido* to the extent allowed by law, with all damages and costs of these proceedings including legal interest thereon.

**PLAINTIFF CLAUDELL CONWAY, SR.** further prays for a judgment or order recognizing her as the surviving spouse to the extent necessary by law to bring this claim.

**WHEREFORE PLAINTIFF, CLAUDELL CONWAY, SR. ,** prays that **STATE OF LOUISIANA through DPS&C, WARDEN DARRELL VANNOY, DR. HELMS, UNKNOWN STAFF (Defendants),** and **OFFICE OF RISK MANAGEMENT** be served with a certified copy of this petition and be duly cited to appear herein and answer same within the legal delays allowed; for judgment herein in his favor and against **STATE OF LOUISIANA through DPS&C, WARDEN DARRELL VANNOY, DR. HELMS, UNKNOWN STAFF (Defendants),** and **OFFICE OF RISK MANAGEMENT**, in all amounts reasonable in the premises, and for any and all equitable relief, together with legal interest thereon from the date of the filing of the complaint until paid, and for all costs of these proceeding.

                RESPECTFULLY SUBMITTED:

                <u>S/WENDELL C. WOODS</u>
                Wendell C. Woods #22694
                5700 Florida Blvd. Suite 408
                Baton Rouge, Louisiana 70806
                Telephone (225) 926-7575
                Facsimile   (225) 926-7375

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the above and foregoing Amended Complaint is being sent by operation of the Court's electronic filing system to any counsel of record.

Baton Rouge, Louisiana, this 4th day of April 2019.

      S/Wendell C. Woods
      Wendell C. Woods

**PLEASE SERVE:**

**STATE OF LOUISIANA DPS&C**
**UNKNOWN PRISON GUARDS**
**SECRETARY JAMES LEBLANC**
Through its agent for service of process
SECRETARY JAMES LEBLANC
504 Mayflower
Baton Rouge, LA 70802

**Warden DARRELL VANNOY**
Through its agent for service of process
At:
LOUISIANA STATE PENITENTIARY
Angola Road
Angola, LA 70712

**DR. (FNU) HELMS**
LOUISIANA STATE PENITENTIARY
Angola Road
Angola, LA 70712

**UNKNOWN SECURITY STAFF**
**That moved plaintiff to his cell**
**And Monitored plaintiff on his Tier**
LOUISIANA STATE PENITENTIARY
Angola Road
Angola, LA 70712

**STATE OF LOUISIANA OFFICE OF RISK MANAGEMENT**
1201 North 3rd Street
Baton Rouge, Louisiana