UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

CLAUDELL CONWAY, SR.

VERSUS

DARREL VANNOY, ET AL.

CIVIL ACTION

NO. 18-33-JWD-EWD

**RULING AND ORDER ON MOTION TO STAY DISCOVERY**

Before the court is a Motion to Stay Discovery[1] filed by defendants, the State of Louisiana through the Department of Public Safety & Corrections, Secretary James LeBlanc, and Warden Darrel Vannoy (collectively, "Defendants").[2] The Motion to Stay Discovery is opposed by plaintiff, Claudell Conway, Sr. ("Plaintiff").[3] For the reasons set forth herein, the Motion to Stay Discovery[4] is granted. Discovery in this matter is stayed pending resolution of the issues raised in the Motion to Dismiss.[5]

**I.     Background**

On January 17, 2018, Plaintiff filed a Petition for Wrongful Death and Suvivor [sic] Claim (the "Original Complaint") seeking damages individually and on behalf of his deceased son, Clydell Conway, Jr. ("Decedent"), who committed suicide in his cell on January 20, 2017 while incarcerated at the Louisiana State Penitentiary. Plaintiff alleged that Defendants were deliberately indifferent to Decedent, a "known suicide risk," and that Defendants placed or allowed Decedent

---

[1] R. Doc. 30.

[2] Defendants' counsel notes in the Motion to Stay Discovery that "Plaintiff also named as defendants 'unknown prison guards,' who have not been identified, 'Dr. (FNU) Helms,' who has not been identified, and 'ABC liability insurer.' To date, it is unclear who these individuals are or whether they have been properly served with process in this litigation. Undersigned counsel is not making an appearance for any defendant not properly served." R. Doc. 33, p. 1, n. 1. Per the Amended Complaint, Plaintiff names the Office of Risk Management as the alleged insurer of all Defendants. R. Doc. 28, ¶ 3(G). There is no service information regarding the Office of Risk Management in the record.

[3] R. Doc. 31.

[4] R. Doc. 30.

[5] R. Doc. 33.

to be placed "in an area with suicide hazards" despite "his known propensity towards attempted suicide."[6]

On April 4, 2019, Plaintiff filed an Amended Petition for Wrongful Death and Suvivor [sic] Claim (the "Amended Complaint").[7] The Amended Complaint names the State of Louisiana; Department of Public Safety and Corrections Louisiana State Penitentiary; Secretary James LeBlanc; Darrel Vannoy, Warden of Louisiana State Penitentiary; Dr. (FNU) Helms; "unknown security staff employees Louisiana State Penitentiary;" and the Office of Risk Management as defendants.[8] In response to the Amended Complaint, Defendants have filed a Motion to Dismiss asserting, *inter alia*, that "Defendants" (presumably Secretary James LeBlanc and Darrel Vannoy) are entitled to qualified immunity.[9] Per the instant Motion to Stay Discovery, Defendants move this Court for an order "staying all discovery until all immunity issues are resolved adversely and with finality."[10]

**II.     Law and Analysis**

"Qualified immunity shields 'government officials performing discretionary functions' from civil liability for claims under federal law 'insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'"[11] "[Q]ualified immunity constitutes an 'immunity from suit' rather than a mere defense to

---

[6] R. Doc. 1, ¶ 17.

[7] R. Doc. 28. The Court previously granted Defendants' Motion to Dismiss the Original Complaint. R. Doc. 26. "Despite the significant deficiencies" in the Original Complaint, the Court dismissed Plaintiff's claims without prejudice and granted Plaintiff leave to amend. R. Doc. 26, pp. 13-14.

[8] R. Doc. 28, ¶ 3.

[9] *See*, R. Doc. 33-1, pp. 11-12.

[10] R. Doc. 30, p. 1. *See also*, R. Doc. 30-1, p. 2 ("Defendants respectfully requests [sic] that this Honorable Court issue an order staying all discovery until the issues contained in the Defendants' Motion to Dismiss have been addressed.").

[11] *Randle v. Lockwood*, 666 Fed. Appx. 333, 335 (5th Cir. 2016) (internal citations omitted).

2

liability."[12] The issue of qualified immunity should be resolved at the earliest possible stage of litigation because "[o]ne of the most salient benefits of qualified immunity is protection from pretrial discovery, which is costly, time-consuming, and intrusive."[13]

The Fifth Circuit has long held that an assertion of qualified immunity shields a government official from discovery that is "avoidable or overly broad."[14] Significantly, "it is only when the district court 'is unable to rule on the immunity defense without further clarification of the facts' and when the discovery order is 'narrowly tailored to uncover only those facts needed to rule on the immunity claim,' that an order allowing limited discovery is neither avoidable nor overly broad."[15] Although discovery on the issue of qualified immunity is possible, such discovery "must not proceed until the district court *first* finds that the plaintiff's pleadings assert facts which, if true, would overcome the defense of qualified immunity."[16] "If the complaint alleges facts to overcome the defense of qualified immunity, the district court may then proceed under *Lion Boulos* to allow the discovery necessary to clarify those facts upon which the immunity defense turns."[17]

---

[12] *McClendon v. City of Columbia*, 305 F.3d 314, 323 (5th Cir. 2002) (en banc) (per curiam)).

[13] *Backe v. LeBlanc*, 691 F.3d 645, 648 (5th Cir. 2012).

[14] *Lion Boulos v. Wilson*, 834 F.2d 504, 507 (5th Cir. 1987).

[15] *Wilson v. Sharp*, Civil Action No. 17-84, 2017 WL 4685002, at * 2 (M.D. La. Oct. 17, 2017) (citing *Lion Boulos*, 834 F.2d at 507-508).

[16] *Wicks v. Mississippi State Employment Services*, 41 F.3d 991, 994 (5th Cir. 1995). *See also*, *Baker v. Ephion*, Civil Action 15-838, 2017 WL 3996415, at *2 (M.D. La. Sept. 11, 2017) (staying discovery in light of defendant's asserted qualified immunity defense and explaining that "discovery on the issue of qualified immunity 'must not proceed until the district court *first* finds that the plaintiff's pleadings assert facts which, if true, would overcome the defense of qualified immunity.") (citing *Wicks*); *Lee v. Ard*, Civil Action No. 17-23, 2017 WL 5349493, at * 7 (M.D. La. Nov. 13, 2017) ("When the defense of qualified immunity is raised in a Rule 12(b)(6) motion, 'it is the defendant's conduct as alleged in the complaint that is scrutinized for objective legal reasonableness.' The plaintiff must support his claim with 'sufficient precision and factual specificity to raise a genuine issue as to the illegality of defendant's conduct at the time of the alleged acts.' When greater detail is required to address the defense of qualified immunity, the Court may insist that a plaintiff file a reply pursuant to Federal Rule of Civil Procedure 7(a) tailored to an answer pleading the defense of qualified immunity. 'The district court need not allow any discovery unless it finds that plaintiff has supported his claim with sufficient precision and factual specificity to raise a genuine issue as to the illegality of defendant's conduct at the time of the alleged acts.'") (internal citations and quotations omitted).

[17] *Id*. at 995. *See also*, *Backe*, 691 F.3d at 648 ("a plaintiff seeking to overcome qualified immunity must plead specific facts that both allow the court to draw the reasonable inference that the defendant is liable for the harm he has alleged and that defeat a qualified immunity defense with equal specificity. *After* the district court finds a plaintiff has so

Accordingly, the Fifth Circuit permits discovery only *after* a determination has been made that the plaintiff has alleged facts sufficient to state a claim against the defendant. Even discovery limited to the issue of qualified immunity is allowed only if the court is unable to rule on the qualified immunity defense without additional facts and then only such discovery as is necessary to rule on the qualified immunity defense is permitted.

In opposition to the Motion to Stay Discovery, Plaintiff argues that "[t]here is existing and further discovery that could be filed to further prove this case" and which goes "to the issue of immunity."[18] Plaintiff asserts that a ruling on the Motion to Dismiss prior to allowing certain discovery would be "premature if not unjust."[19] Plaintiff contends that he should allowed to obtain discovery regarding, *inter alia*, "the qualifications of the person administering the mental health assessment of the deceased,"[20] "whether the conditions of confinement and treatment of the inmates at LSP violate the Rights of the Inmates and the EXISTING SUICIDE PREVENTION POLICY,"[21] "what medication decedent was taking," and "whether the guards on the date of the

---

pled, if the court remains 'unable to rule on the immunity defense without further clarification of the facts,' it may issue a discovery order 'narrowly tailored to uncover only those facts needed to rule on the immunity claim.'") (citing *Lion Boulos*, 834 F.2d at 507-508); *Zapata v. Melson*, 750 F.3d 481, 485 (5th Cir. 2014) ("The district court failed to make an initial determination that the plaintiffs' allegations, if true, would defeat qualified immunity, falling short of the finding required by *Backe* and *Wicks*; and unlike the court in *Lion Boulos*, the district court did not identify any questions of fact it needed to resolve before it would be able to determine whether the defendants were entitled to qualified immunity."); *Randle*, 666 Fed. Appx. 336, n. 6 (noting that the "narrow exception to the general rule that qualified immunity should be decided as early in the litigation as possible" is only applicable where the district court first determines that "the plaintiff's pleadings assert facts which, if true, would overcome the defense of qualified immunity" and second finds that despite plaintiff's pleadings it is still unable to rule on the immunity defense without further clarification of the facts.).

[18] R. Doc. 31, p. 1.

[19] R. Doc. 31, p. 2. *See also*, R. Doc. 31, p. 5 ("It would be substantially unfair for defendants to claim there is no knowledge of the Warden to trigger liability or destroy his qualified immunity defense, when they simultaneously resist providing the discovery answers that could in fact trigger liability and destroy the qualified immunity defense based upon the knowledge of the Warden and staff of the mental condition of this suicidal inmate provable through discovery.").

[20] R. Doc. 31, p. 2 ("Without an answer to the question of the qualifications of the person rendering the mental health assessment and the nature of the assessment rendered, it would be premature to rule fully dismissing the defendants on the basis of qualified immunity.").

[21] R. Doc. 31, p. 3 (all caps in Plaintiff's briefing).

4

decedent's death actually made rounds and saw this inmate sufficiently to prevent the suicide in the attempt stage or the death at completion stage."[22] Plaintiff requests that this Court "in the interest of substantial justice and fair play…extend the response to the Motion to Dismiss until the answers to all pertinent Discovery has [sic] been supplied to the plaintiff."[23]

The Supreme Court has explained that "[t]he basic thrust of the qualified-immunity doctrine is to free officials from the concerns of litigation, including 'avoidance of disruptive discovery.'"[24] In light of that consideration, Plaintiff's argument that not allowing discovery to proceed would be unjust is unpersuasive. As explained herein, the Fifth Circuit has "established a careful procedure under which a district court may defer its qualified immunity ruling if further factual development is necessary to ascertain the availability of that defense."[25] "First, the district court must determine that the plaintiff's pleadings assert facts which, if true, would overcome the defense of qualified immunity. Thus, a plaintiff seeking to overcome qualified immunity must plead specific facts that both allow the court to draw the reasonable inference that the defendant is liable for the harm he has alleged and that defeat a qualified immunity defense with equal specificity."[26] "When reviewing a complaint that meets this standard, the district court may defer its qualified immunity ruling and order limited discovery if the court remains unable to rule on the

---

[22] R. Doc. 31, p. 4.

[23] R. Doc. 31, p. 6. To the extent Plaintiff is seeking an extension of his deadline to file an opposition to the Motion to Dismiss, the District Court has already set a briefing schedule relative to the Motion to Dismiss. R. Doc. 34. Any request to alter those briefing delays should be directed to the district judge by means of a formal motion. Likewise, Plaintiff concludes his opposition to the Motion to Stay Discovery by stating "In the alternative plaintiff should be granted leave to amend his complaint to more accurately state the cause of action." R. Doc. 31, p. 7. The undersigned makes no ruling here regarding the sufficiency of Plaintiff's Amended Complaint or whether Plaintiff should be allowed to amend his complaint again; however, the undersigned does note that Plaintiff was previously cautioned (in the ruling granting Defendants' first Motion to Dismiss) that "failure to amend the complaint or to cure the above-mentioned deficiencies will result in the dismissal of his lawsuit with prejudice." R. Doc. 26, p. 14.

[24] *Ashcroft v. Iqbal*, 556 U.S. 662, 685 (2009) (quoting *Siegert v. Gilley*, 500 U.S. 226, 236, (1991) (KENNEDY, J., concurring in judgment)).

[25] *Hinojosa v. Livingston*, 807 F.3d 657, 664 (5th Cir. 2015).

[26] *Id.*

immunity defense without further clarification of the facts."[27] Plaintiff's instant argument regarding the need for fact discovery with respect to the qualified immunity defense puts the cart before the horse. First, the District Judge must consider the sufficiency of Plaintiff's allegations. Only after Plaintiff has crossed this threshold hurdle does the question of limited discovery potentially arise. Here, the district judge has not yet determined the sufficiency of the allegations in Plaintiff's Amended Complaint. Until that necessary first step occurs, it is premature to consider allowing even limited discovery.

### III. Conclusion

For the reasons set forth herein, the Motion to Stay Discovery[28] is **GRANTED**.

**IT IS HEREBY ORDERED** that discovery in this matter is **STAYED** pending resolution of the issues raised in the Motion to Dismiss.[29]

**IT IS FURTHER ORDERED** that the Scheduling Order[30] is **VACATED**. A new scheduling order will be adopted, if necessary, following resolution of the Motion to Dismiss.

Signed in Baton Rouge, Louisiana, on May 10, 2019.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[27] *Id.*

[28] R. Doc. 30.

[29] R. Doc. 33.

[30] R. Doc. 21.