**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**CLAUDELL CONWAY, SR.**

**VERSUS**

**STATE OF LOUISIANA THROUGH DPS&C, ET AL.**

**CIVIL ACTION**

**NO. 18-33-JWD-EWD**

### *SUA SPONTE* ORDER

#### I.  Introduction

The matter comes before the Court *sua sponte* on the issue of the Court's jurisdiction. On December 16, 2020, remaining Defendants Secretary James LeBlanc and Warden Darrel Vannoy ("Defendants") filed a *Motion for Status Conference* (Doc. 48) in which they correctly stated that all federal claims in this case have been dismissed. (*Id.* ¶ 2; *see also Ruling and Order* (Doc. 26) on Defendants' original *Motion to Dismiss* (Doc. 16); *Ruling and Order* (Doc. 44) on Defendants' second *Motion to Dismiss* (Doc. 33).) Defendants also said that there was "no clear exercise of supplemental jurisdiction over these state law claims by the Court." (Doc. 48 ¶ 2.) Defendants requested a status conference to address "the scope of the issues and claims going forward[.]" (*Id.* ¶ 3) At the time of Defendants' motion, the discovery and dispositive motion deadline had not yet passed, no dispositive motion had been filed or ruled upon, no pretrial conference had taken place, and the trial date was still over three months away. (*See*, *inter alia*, *Amended Scheduling Order*, Doc. 47.)

Following the Christmas and New Year's holidays, on January 6, 2021, the Court held that status conference. (*Minute Entry*, Doc. 51.) The Court suspended all deadlines in the *Amended Scheduling Order* (Doc. 47), including the trial date, until the Court determined whether it would

exercise supplemental jurisdiction over the state law claims. (Doc. 51 at 1.) The Court gave the parties until January 20, 2021, to file simultaneous supplemental briefs on the issue of supplemental jurisdiction, and the Court allowed reply briefs to be filed seven days thereafter. (*Id.*)

Both parties submitted briefs (Docs. 52, 53), but neither replied. In short, Defendants urged that the Court should decline to exercise supplemental jurisdiction over Plaintiff's state law claims, (Doc. 52), while the Plaintiff argued that the Court should retain jurisdiction, (Doc. 53).

## II.    Discussion

With all federal claims having been dismissed (*see Ruling and Orders*, Docs. 26, 44), the Court will now "look to the statutory factors set forth by 28 U.S.C. § 1367(c), and to the common law factors of judicial economy, convenience, fairness, and comity" to decide whether to exercise its discretion to "relinquish jurisdiction over pendent state law claims." *Enochs v. Lampasas Cty.*, 641 F.3d 155, 159 (5th Cir. 2011) (citing *Mendoza v. Murphy*, 532 F.3d 342, 346 (5th Cir. 2008) (noting that "no single factor is dispositive") and *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) (setting forth the common law factors)). The Court is "also instructed to guard against improper forum manipulation," *id.* (citing *Carnegie–Mellon*, 484 U.S. at 357), though that does not appear to be a factor here. The Court must "consider and balance each of the factors to determine" how to exercise its discretion. *Id.* (citing *Mendoza*, 532 F.3d at 346).

"The statutory factors are: (1) whether the state claims raise novel or complex issues of state law; (2) whether the state claims substantially predominate over the federal claims; (3) whether the federal claims have been dismissed; and (4) whether there are exceptional circumstances or other compelling reasons for declining jurisdiction." *Enochs*, 641 F.3d at 159 (citing 28 U.S.C. § 1367(c)). Here, those factors weigh in favor of declining to exercise supplemental jurisdiction. The state law claims are not novel or complex, so this factor weighs in

favor of keeping the case. But the second and third factor weigh strongly against retaining jurisdiction, as the "state law claims predominate over the non-existent federal claims" and this court "dismissed all federal claims" *Enochs*, 641 F.3d at 159. Neither party cites to a compelling reason for declining jurisdiction, so the fourth factor is neutral. *See Taplette v. LeBlanc*, No. 19-448, 2020 WL 1979652, at *3 (M.D. La. Apr. 7, 2020), *report and recommendation adopted*, No. 19-448, 2020 WL 1978363 (M.D. La. Apr. 24, 2020). Thus, the statutory factors weigh strongly in favor of declining jurisdiction.

The Court now turns to the common law factors of "judicial economy, convenience, fairness, and comity." "These considerations include whether extensive or substantive motions have been filed and/or ruled on, whether a scheduling order has been issued, whether hearings have been held, the relative convenience of the relevant state and federal courthouses, and whether it will prejudice either party to have the state law claims heard in state court." *Pullins v. Hancock Whitney Bank*, No. CV 19-00006, 2021 WL 96246, at *12 (M.D. La. Jan. 11, 2021) (Dick, C.J.) (citing *Hicks v. Austin Indep. Sch. Dist.*, 564 F. App'x 747, 749 (5th Cir. 2014)).

These factors also weigh in favor of declining jurisdiction. First, concerning judicial economy, "at the time the federal claims were [dismissed] hardly any federal judicial resources, let alone a significant amount of resources, had been devoted to the district court's consideration of the [] state law claims[.]" *Enochs*, 641 F.3d at 159 (citations omitted). Though the Court ruled on two motions to dismiss (Docs. 26, 44), again, all deadlines, including the trial date, have been continued; no dispositive or Daubert motion or motion in limine has been ruled on; and no pretrial conference or other hearing has been held.[1] For similar reasons, "there is no indication that the

---

[1] The Court notes that, even if the March 22, 2021, trial date had not been continued in light of the jurisdictional issue, there is a strong possibility it would have been continued because of COVID-19. For example, the Eastern District of Louisiana has currently suspended all trial dates until May 1, 2021. *See COVID-19 GENERAL ORDER NO. 21-1* (E.D. La. Jan. 14, 2021), *available at*

3

district court had any 'substantial familiarity' or was intimately familiar with the [Louisiana] state law claims[.]" *Enochs*, 641 F.3d at 159–160.  As another section of this Court found in declining to exercise supplemental jurisdiction over a state law claim:

> [W]hile the Court has previously issued a Ruling on the first Motion to Dismiss, the Court has not invested a significant amount of resources in this litigation. Further, considering the docket backlog created in this Court by the COVID-19 pandemic, the Court finds that the best use of judicial resources for this Court and the state court is to have the state court preside over a purely state law claim.

*Pullins*, 2021 WL 96246, at *12.  The same reasoning applies here.

The other common law factors also weigh in favor of sending this case to state court. Second, concerning convenience, "as the judicial economy factor suggests," pursuing the case in state court "would not [] cause[] any financial inconvenience to the parties because they would not have had to duplicate any of their previous efforts or expenses." *Enochs,* 641 F.3d at 160 (citing *Mendoza*, 532 F.3d at 347). Indeed, Defendants represent that only limited discovery and motion practice has been conducted by the parties. (*See* Doc. 52 at 7.)  "Third, it [would] certainly [be] fair to have [] the purely [Louisiana] state law claims heard in [Louisiana] state court, and there is nothing to indicate that either party would have been prejudiced by" sending this case to Louisiana state court. *Id.* (citing *Parker & Parsley Petroleum Co. v. Dresser Indus*., 972 F.2d 580, 588 (5th Cir. 1992)).  "And fourth, comity demands that the 'important interests of federalism and comity' be respected by federal courts, which are courts of limited jurisdiction and 'not as well equipped for determinations of state law as are state courts.' " *Id.* (quoting *Parker & Parsley*, 972 F.2d at 588–89).  Thus, as in *Enochs*, "[t]he convenience, fairness, and comity factors each certainly favors

---

http://www.laed.uscourts.gov/sites/default/files/pdfs/EDLA_General_Order_21-1_Continuing_Jury_Trials.pdf    . While this Court's General Order allows civil trials to be held, "[a]ll scheduling is within the sound discretion of the presiding Judge," *Amended Administrative Order No. 2021-1* (M.D. La. Jan. 15, 2021), *available at* https://www.lamd.uscourts.gov/orders/public_orders/AO%202021-1.pdf , and the Eastern District's approach is certainly a significant factor in deciding how the Court will exercise that discretion.

remand, and the overall balance of the common law factors weighs heavily in favor of remand."

*Id.*

Ultimately, "[a] district court has 'wide discretion' in deciding whether it should retain jurisdiction over state law claims once all federal claims have been eliminated. *Id.* at 161 (citing *Guzzino v. Felterman*, 191 F.3d 588, 595 (5th Cir. 1999)). But:

> "Our general rule is to dismiss state claims when the federal claims to which they are pendent are dismissed." *Parker & Parsley,* 972 F.2d at 585 (citing *Wong v. Stripling,* 881 F.2d 200, 204 (5th Cir. 1989)); *see Carnegie–Mellon,* 484 U.S. at 351, 108 S. Ct. 614 (noting that when the federal claims are eliminated at an "early stage" of the litigation the district court has "a powerful reason to choose not to continue to exercise jurisdiction"); *Gibbs,* 383 U.S. at 726, 86 S. Ct. 1130 ("Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well."); *Brookshire Bros.,* 554 F.3d at 602 (noting that "the general rule is that a court should decline to exercise jurisdiction over remaining state-law claims when all federal-law claims are eliminated before trial"); *Beiser v. Weyler,* 284 F.3d 665, 675 (5th Cir. 2002) (noting that where "no other grounds for federal jurisdiction exist, the court must ordinarily remand the case back to state court"). Indeed, the Supreme Court has for nearly half a century cautioned federal courts to avoid "[n]eedless decisions of state law[.]" . . . *Gibbs,* 383 U.S. at 726, 86 S. Ct. 1130.

*Id.* Under these circumstances, the Court will decline to exercise supplemental jurisdiction over the remaining state law claims, and they are dismissed without prejudice.

### III. Conclusion

Accordingly,

**IT IS ORDERED** that the Court will decline to exercise supplemental jurisdiction over the state law claims of Plaintiff Claudell Conway, Sr., and these claims are **DISMISSED WITHOUT PREJDUICE.**

**IT IS FURTHER ORDERED** that the briefing schedule (Doc. 56) on Defendant's *Motion for Summary Judgment* (Doc. 54) is **VACATED.**

**IT IS FURTHER ORDERED** that judgment shall be entered.

Signed in Baton Rouge, Louisiana, on February 2, 2021.

_____
**JUDGE JOHN W. deGRAVELLES
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**